**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

RONALD L. ROBERSON, #311723,

        Petitioner,

v.                                                                      ACTION NO.
                                                                                  2:04cv705

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Ronald L. Roberson ("Roberson") was convicted in the Circuit Court for Henrico County on May 23, 2003 of one count of forcible sodomy of a minor child after having previously been convicted of a violent felony assault, in violation of Virginia Code §§ 18.2-67.1; 18.2-67.5:2. He was sentenced to life imprisonment.

Roberson's direct appeal of his conviction to the Court of Appeals of Virginia was denied

initially on December 19, 2002, and was denied by a three-judge panel of that court on April 25, 2003. Roberson did not appeal the decision to the Supreme Court of Virginia. Roberson then filed a habeas petition in the Supreme Court of Virginia which was dismissed on November 1, 2004.

Roberson, presently in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison in Big Stone Gap, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 19, 2004. On December 23, 2004, respondent filed a Rule 5 Answer and Motion to Dismiss with an accompanying brief in support. Roberson filed a response to the Answer and Motion to Dismiss on January 11, 2005, and filed a supporting affidavit on February 22, 2005.

### B. Grounds Alleged

Roberson asserts that the following entitle him to relief under 28 U.S.C. § 2254:

(a) that he was denied effective assistance of counsel due to his counsel's failure to impeach the credibility of the complaining witness during cross-examination by demonstrating that the witness was on probation for having committed a sexual offense;

(b) that he was denied effective assistance of counsel due to his counsel's failure to:

   (i) effectively cross-examine the complaining witness;

   (ii) recommend that he accept a plea to a lesser offense;

   (iii) advise him of the date of grand jury indictment presentation, and appear at the indictment;

   (iv) impeach the victim regarding previous accusations of sexual assault; and,

  (v) inform him of the time limit within which he would have to notify counsel if he wanted to file a direct appeal from the Court of Appeals to the Supreme Court of Virginia; and

(c) the evidence was insufficient to prove the offense.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir.), cert. denied, 510 U.S. 984 (1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (citing Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Roberson failed to present Grounds (b)(3) and (b)(5) in his petition for writ of habeas corpus in the Virginia Supreme Court. When a federal habeas petitioner presents claims for the first time to a federal court without presenting them to a state court, he implicates the exhaustion of state remedies doctrine, codified at 28 U.S.C. § 2254(b)(1)(A):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that--

> (A) the applicant has exhausted the remedies available in the courts of the state; . . . .

28 U.S.C. § 2254(b)(1)(A). This Court cannot grant Roberson the relief he seeks unless he exhausted the remedies available in the courts of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See 28 U.S.C. § 2254(b), (c).

Because "[t]his exhaustion requirement . . . refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125, n.28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), Roberson can satisfy the requirement "if it is clear that [Roberson's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997):

> [T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met . . . when a state procedural rule would bar consideration if the claim was later presented to the state court.

Matthews, 105 F.3d at 911 (internal citations and quotation marks omitted).

Virginia does bar Roberson from raising these claims on state habeas corpus now because he had knowledge of these claims at the time he filed his previous state habeas corpus petition and failed to raise the claims in that petition. See Va. Code 8.01-654(B)(2). Therefore, Roberson has met the exhaustion requirement for the claims.

However, even if his claims meet the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), Roberson cannot raise in a federal habeas corpus proceeding any claim he did not first present to the Virginia Supreme Court unless he can show cause for failing to present the claim and prejudice resulting therefrom. Nowhere in his federal

petition has Roberson shown the requisite cause and prejudice which this Court must find before considering the merits of the claims. Therefore, this Court finds that Grounds (b)(3) and (b)(5) are defaulted on federal habeas and will not address the merits. Roberson presented the remaining Grounds raised in the present petition in his habeas appeal to the Virginia Supreme Court; therefore, the remaining claims meet the exhaustion requirement.

### B. Merits

Roberson presented the claims reflected in Grounds (a), (b)(1), (b)(2), and (b)(4) of his petition for appeal to the Supreme Court of Virginia, which dismissed the claims based on the holding in Strickland v. Washington on November 1, 2004. Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits[1] unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 120

---

[1] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

S.Ct. 1495, 1509, 146 L.Ed.2d 389 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Supreme Court of Virginia thoroughly considered Roberson's claims reflected in Grounds (a), (b)(1), (b)(2), and (b)(4) of his petition for appeal. The Supreme Court of Virginia clearly articulated its application of Strickland v. Washington to the facts in this case, therefore, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless one of the two statutory exceptions applies. Here, there is no indication from the record that the adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts. Therefore, this Court recommends denial of Roberson's Grounds (a), (b)(1), (b)(2), and (b)(4).

### C. State Procedural Rule

Roberson's Ground (c) was also raised in his habeas petition to the Supreme Court of Virginia, but was rejected by that court based upon a state procedural rule. The Supreme Court of Virginia refused to consider the claim because it was not raised on direct appeal. Therefore, the claim was barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975).

Clearly the Virginia Supreme Court's refusal to hear this claim rested squarely on the state procedural bar provided in Slayton v. Parrigan. There was no interweaving of any federal law within Virginia's refusal to consider Roberson's claims. The Fourth Circuit has held,

> [a]bsent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule.[ . . . We have held on numerous occasions that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision . . . . We reject [the] argument that the procedural default rule set forth in Slayton does not bar consideration of his claims because it is not independent of federal law.]

Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir.), cert. denied, 118 S.Ct. 438 (1997) (internal citations omitted).

There is no cause, prejudice, or miscarriage of justice alleged by Roberson or apparent to this Court. Therefore, this Court cannot now review a claim which was procedurally defaulted in the Virginia Supreme Court. This Court recommends denying Roberson's Ground (c).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Roberson's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Roberson's Grounds (b)(3) and (b)(5) should be DENIED because they were never raised to the Virginia state courts and Roberson has shown no cause for failing to present the claim and no prejudice resulting therefrom which this Court must find before considering the merits of the claim.

Roberson's Ground (a), (b)(1), (b)(2), and (b)(4) should be DENIED because they were previously adjudicated by the Supreme Court of Virginia on the merits and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Roberson's Ground (c) should be DENIED because it was procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Roberson's request for an evidentiary hearing and motion for discovery are hereby DENIED.

Roberson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466,

88 L.Ed.2d 435 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                      /s/
                                            Tommy E. Miller
                                            United States Magistrate Judge

Norfolk, Virginia

March 30, 2005

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ronald L. Roberson, #311723
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Paul C. Galanides, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                            Elizabeth H. Paret, Clerk

                                  By _____
                                        Deputy Clerk

March        , 2005